UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TAMMY BARTLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-067 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Tammy Bartlett seeks judicial review of the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Insurance (SSI).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm,

even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet

2

> or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Bartlett was 49 years old when she applied for DIB and SSI in February 2018. Tr. 291-297 (applications); 55 (providing her date of birth ). She alleges an amended disability onset date of July 28, 2018, the day before her fiftieth birthday. Tr. 55. She has a high school education and past work experience as an office manager, food service manager, fast food service manager, and social service aide. Tr. 39, 57-60, 79-81. After a hearing, tr. 47-88, the ALJ issued an unfavorable decision, tr. 29-46.

The ALJ found that Bartlett's degenerative disc disease, degenerative joint disease of the left shoulder, seizure disorder, status-post closed head injury, and headaches constituted severe impairments, but did not meet or medically equal a Listing. Tr. 35-37. The ALJ then found that Bartlett retained the RFC for light work except she has the following limitations:

- avoid extremes of noise, vibration, and temperature;
- avoid unprotected heights and dangerous machinery;
- avoid concentrated exposure to dust, fumes, gases, odors, and poor ventilation;
- reaching with the left upper extremity reduced to frequent;

- may frequently use ramps and stairs;
- may occasionally kneel, crouch, and crawl.

Tr. 37. Bartlett, he determined, could perform all of her past relevant work. Tr. 39-40. In the alternative, he found Bartlett could perform other jobs that exist in significant numbers in the national economy. Tr. 40. Therefore, she was found to be not disabled. Tr. 41.

Bartlett appealed the ALJ's decision to the Appeals Council, which issued its own decision. Tr. 4-7. In it, the Appeals Council adopted the ALJ's decision and agreed with his findings under the five-step sequential evaluation, except it found the ALJ erred in stating the state agency medical consultant, Tatianna Barsukova, M.D., found the claimant capable of light work, and in finding that opinion partially persuasive. Tr. 4-5. Instead, the Appeals Council noted that Dr. Barsukova found the claimant could only perform sedentary work but concluded the physician's opinion was not persuasive. Tr. 5.

Like the ALJ, the Appeals Council found that Bartlett had the RFC to perform a limited range of light work, except

> she must avoid extremes of noise, vibration, and temperature, she must avoid unprotected heights and dangerous machinery, she must avoid concentrated exposure to dust, fumes, odors, and poor ventilation, she can frequently reach

>with the left upper extremity, she may frequently use ramps and stairs, and she may occasionally kneel, crouch, and crawl.

Tr. 6. Therefore, the Appeals Council determined she could perform her past relevant work as an office manager, food service manager, fast food service manager, and social service aide. *Id.* Alternatively, she could perform other jobs that exist in significant numbers in the national economy. *Id.* Therefore, she was found not disabled. Tr. 6. Evans filed the instant lawsuit seeking judicial review of that decision. *See* doc. 1.

## III. ANALYSIS

### 1. Dr. William Chossier

Bartlett first argues that the ALJ erred in failing to credit limitations noted by the consultative examiner, Dr. William Chossier, and by finding his opinion unpersuasive. Doc. 18 at 13-15. The ALJ found a report from Dr. Chossier unpersuasive, "because there is no indication that the consultative examiner was provided with any records, which shows that the consultative examiner relied solely on the claimant's representations," and he found Bartlett's representations to not be supported by objective evidence. Tr. 39. According to Bartlett, the ALJ's justification for disregarding Dr. Williams' report is "wholly insufficient." Doc. 18 at 14. She contends that if the ALJ needed the

6

consultative examiner to review her medical records, he had the duty to request such a review, and his failure to do so created an evidentiary gap in the record. *Id.* at 14-15. She also argues that the ALJ inconsistently applied his reasoning, since he found a mental consultative exam persuasive where that doctor also did not review medical records. *Id.* at 15.

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a).[1] Rather, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. *Id.* § 404.1520c(c). The new regulations differentiate between a "medical opinion," defined as "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) . . . ," 20 C.F.R. §§ 404.1513(a)(2) (defining "medical opinion"); 416.913(a)(2) (same), and "other medical evidence," which

---

[1] The Commissioner argued in detail the applicability of the new regulations to Plaintiff's case. *See* doc. 20 at 6-10. Plaintiff did not rebut the argument. *See generally* doc. 22. There is no dispute that the new regulations are applicable here.

7

includes "judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis," 20 C.F.R. §§ 404.1513(a)(3) (defining "other medical evidence"); 416.913(a)(3) (same).

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

>opinion(s) or prior administrative medical finding(s) will be."
>*Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

The Commissioner argues that Dr. Chossier's report does not actually contain a medical opinion, and therefore any error in its consideration under the new regulations was harmless. Doc. 20 at 10-12. In reply, Bartlett concedes that Dr. Chossier does not "directly provide functional limitations" but argues the "underlying diagnoses . . . should be used to support the functional limitations provided by other physicians." Doc. 22 at 2. Dr. Chossier's report contains a recitation of Bartlett's medical history, tr. 619, the results of a physical examination, tr. 620, the results of diagnostic testing, *id.*, the doctor's impressions, *id.*, and his judgment about Plaintiff's range of motion, *id.* at 621-23. It does not contain any statement about what Bartlett "can still do despite [her] impairment(s)." 20 C.F.R. §§ 404.1513(a)(2); 416.913(a)(2); *see* tr. 619-

9

623. Therefore, it does not contain a medical opinion and the ALJ was not required to provide a reasoned explanation for discounting it. *See, e.g.*, *B.S.G. v. Comm'r of Soc. Sec.*, 2022 WL 1286228, at *6 (M.D. Ga. Mar. 4, 2022) (manipulative limitations characterized as other medical evidence and therefore the ALJ was not required to specifically state whether she found them persuasive or not persuasive or provide a reasoned explanation for discounting them); *Dye v. Comm'r of Soc. Sec.*, 2022 WL 970186, *4 (M.D. Fla. Mar. 31, 2022) (where physician's letter did not assess the extent to which claimant could perform any particular function in a work setting, it did not constitute a medical opinion, and the ALJ was not required to assess anything in the letter for its persuasiveness or offer any reason for not finding its contents persuasive).

Instead, faced with the medical evidence from Dr. Chossier, the ALJ was only required to consider it. *See* 20 C.F.R. §§ 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); 416.920(a)(3) (same). Notably, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's

decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole." *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)) (internal quotation marks and brackets omitted). Here, the ALJ considered Dr. Chossier's report and explained why he discredited it: because it was based on Bartlett's own subjective representations, which he found inconsistent and not supported by the objective evidence. Tr. 39. That is sufficient.

Barlett also argues that the ALJ's discounting of Dr. Chossier's report created an evidentiary gap, particularly where the agency identified the need for the consultative examiner and then failed to provide that examiner with the medical records. Doc. 18 at 14-15. The Commissioner contends the evidence was adequate for the ALJ to make a disability determination, and therefore there is no basis to remand the decision. Doc. 20 at 12.

The ALJ has a duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Nevertheless, the claimant bears the burden of proving that [she] is disabled, and, consequently, [she] is responsible for producing evidence in support of

11

[her] claim." *Id.* Where the claimant urges remand for an alleged failure to develop the record, Courts "are guided by 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)) (internal quotes and cite omitted). In other words, "there must be a showing of prejudice before [the Court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Id.* The court must "review the administrative record as a whole to determine if it is inadequate or incomplete or 'show[s] the kind of gaps in the evidence necessary to demonstrate prejudice.'" *Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 932 (11th Cir. 2015) (quoting *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir.1997)).

As this Court has previously observed, "the ALJ's duty to develop a full and fair record refers to developing a full record of the case rather than a duty to ensure every individual examiner has a full record before them." *Williams v. Saul*, 2021 WL 2878276, at *5 (S.D. Ga. June 16, 2021) *adopted by* 2021 WL 2878540 (Jul. 8, 2021); *see also Robinson v.*

*Astrue*, 365 F. Appx. 993, 999 (11th Cir. 2010) (holding ALJ did not err by not requesting additional consultative examination or recontacting physician where ALJ had all information necessary to determine plaintiff's impairments, RFC, and ability to work). The ALJ was not required to recontact Dr. Choisser to establish a full and fair record. An ALJ need only recontact an examiner where the evidence is insufficient to make a disability decision, such as when the examiner's report is inadequate or incomplete. *Shaw v. Astrue*, 392 Fed. App'x 684, 688–89 (11th Cir. 2008); *see also* 20 C.F.R. § 404.1519p(b). Dr. Choisser's report was neither inadequate nor incomplete; instead, it was deemed unpersuasive because it was based on inconsistent subjective information provided by the claimant. Tr. 39.

The ALJ did not make his disability determination on an inconclusive medical record. the record contained sufficient evidence for the ALJ to make an informed decision, including medical records from Bartlett's treating physicians, opinions from state agency consultants, examination and evaluation reports from consulting doctors, a third-party function report, and Bartlett's own subjective testimony. *See* tr. 37-39. The ALJ was not left to speculate about Plaintiff's condition, and

there was sufficient information in the record for the ALJ to make an informed decision based on competent medical evidence. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (recognizing ALJ not required to seek additional medical information so long as record contains sufficient information to make an informed decision on a claimant's application).

### 2. Dr. Barsukova

Bartlett next contends that the Appeals Council erred in finding the opinion of reviewing physician Dr. Barsukova to be not persuasive. Doc. 18 at 15-16. The Commissioner responds that the Appeals Council's conclusion is based on substantial evidence. Doc. 20 at 13-14.

Bartlett argues that Dr. Barsukova's opinion is consistent with Dr. Choisser's report, and the Appeals Council's failure to compare the two constitutes error. Doc. 18 at 15. However, she must do more than point to evidence in the record that supports her allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the Commissioner's decision. *Id.* Here, the Appeals Council listed sufficient reasons to support its decision in finding Dr. Barsukova's opinion unpersuasive. Tr. 4-5. It

14

found the opinion inconsistent with later physician and mental exams in the record, and inconsistent with imaging studies indicating "near normal findings." Tr. 5 (citing tr. 539, 640-41, 643-45, 647-49, 656-57, 671, 676-77, 682, 687). Just because other evidence in the record might have supported that opinion does not mean the Appeals Council determination is not supported by substantial evidence.

### 3. Bartlett's Migraine Headaches

Next, Bartlett contends the ALJ and the Appeals Council erred in failing to attribute functional limitations to Plaintiff's migraine headaches. Doc. 18 at 16-17. Notably, both the ALJ and the Appeals Council found her headaches to constitute a severe impairment, and the RFC does include limitations associated with sensitivity to headaches, including avoidance of extreme noise, vibration, and temperature, and avoidance of concentrated exposure to dust, fumes, gases, odors, and poor ventilation. Tr. 6, 35, 37. She contends that the RFC should have also included concentration limitations. Doc. 18 at 17; doc. 22 at 3. The Commissioner responds that the highly restrictive RFC was sufficient and did not need to include any additional functional limitations due to headaches. Doc. 20 at 18.

Plaintiff contends she has "concentration limitations" from her headaches, but neither her brief nor her reply cite to a portion of the record to support the existence of such limitations. *See* doc. 18 at 17, doc. 22 at 3. Indeed, the record includes evidence to the contrary which was relied upon by the ALJ. *See* tr. 35 (citing tr. 629 (finding no significant issues in concentration)). Plaintiff has pointed to nothing in the record to show that she is more severely limited than the ALJ or the Appeals Council concluded, and she bore the burden to prove that she had the contended limitation. *Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 853 (11th Cir. 2018) (citing *Ellison*, 355 F.3d at 1276; *Winschel*, 631 F.3d at 1180).

### 4. Bartlett's Subjective Testimony

Finally, Bartlett argues the ALJ improperly discredited her subjective testimony regarding her limitations. Doc. 18 at 17-19. When a claimant provides testimony concerning her or his subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to

give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the record shows the claimant has a "medically determinable impairment that could reasonably be expected to produce her symptoms," the ALJ must assess the "intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and their doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225.

The ALJ determined that Bartlett's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 38. He further found that the "overall evidence of record indicates a higher degree of functioning than [Bartlett] alleges." *Id.* In making this determination, the ALJ highlighted her medical records as of her alleged onset date which reveal normal examinations, including full range of motion and normal sensory and motor function, and negative

17

x-rays. *Id.* (citing tr. 647, 649, 659, 682). The ALJ's decision also includes discussion of Plaintiff's statements which are not supported by any objective evidence, and, in one instance, directly contradicted by the record. Tr. 36. The credibility determination is based on substantial evidence and does not require remand.

Barlett relies on the Middle District of Florida's decision in *Pate v. Comm'r of Soc. Sec.* as support that the ALJ erred in discrediting her testimony. Doc. 18 at 19 (citing *Pate*, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016)). In *Pate*, the Court recognized that "[a] reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record." 2016 WL 455443, at *2 (citing *Foote v. Chaater*, 67 F.3d 1553, 1562 (11th Cir. 1995). However, it then determined that the credibility determination at issue was boilerplate and not supported by specific facts that undermine the claimant's testimony. *Id.* at *4. Therefore, it was not supported by substantial evidence. *Id.* The ALJ's decision here does contain the same boilerplate language analyzed by the Middle District of Florida, but that language is immediately preceded by the citation to specific facts the Court found

lacking in *Pate*. *See* tr. 38 (discussing objective medical evidence contradicting Plaintiff's subjective complaints).

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of August, 2022.

_____
C̲h̲r̲i̲s̲t̲o̲p̲h̲e̲r̲ L. R̲a̲y̲
U̲n̲i̲t̲e̲d̲ S̲t̲a̲t̲e̲s̲ M̲a̲g̲i̲s̲t̲r̲a̲t̲e̲ J̲u̲d̲g̲e̲
S̲o̲u̲t̲h̲e̲r̲n̲ D̲i̲s̲t̲r̲i̲c̲t̲ o̲f̲ G̲e̲o̲r̲g̲i̲a̲